PER CURIAM:
On April 20, 1989, Kimberly Ellis was driving in a southerly direction on Indian Creek Road when she lost control of the 1978 Chevrolet Nova she was operating, and her vehicle struck a tree located at Dean’s Trailer Park, near the community of Pinch of Kanawha County. The tree was off the road and down an embankment. Claimant Kimberly Ellis sustained massive and disabling physical injuries.
Claimant allege negligence on the part of respondent for failing to have placed guardrails on the site of the road at the scene of the accident. It is uncontroverted that the accident site was without a guardrail.
The investigating officer, Deputy R. W. Starks, of the Kanawha County Sheriffs Department, expressed an opinion that guardrails were needed in the described area, and that guardrails were installed by respondent subsequent to claimant Kimberly Ellis’ accident.
Charles Raymond Lewis, Planning and Research Engineer for the respondent, testified that claimant Kimberly Ellis’ accident was the “first in what was more or less a string of accidents along there.” (Tr. Vol. I, at p.8.).
This Court has consistently followed the precedent established by the W. Va. Supreme Court in Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947) wherein that Court, in addressing the issue of guardrails or a lack thereof, stated:
We do not think the failure of the state road commissioner to provide guard rails and road markers, and to paint a center line on the highway, constitutes negligence of any character, and particularly no such negligence as would create a moral obligation on the part of the State to pay damages for injury or death, assumed to have occurred through such failure, and as the proximate cause thereof. The very nature of the obligation of the State, in respect to the construction and maintenance of its highways, precludes the idea that its failure to exercise discretion another, on whether it should provide guard rails, center lines or danger signals at that point, is an act of negligence...
We do not mean to say that situations may not arise where the failure of the road commissioner properly to maintain a highway, and guard against accidents, occasioned by the condition of the road, may not be treated as a such positive neglect of duty as to create a moral obligation against the State, for which the Legislature may appropriate money to pay damages which proximately resulted therefrom. But this is not such a case....
*10 Counsel for claimant, not mindful of this precedent, requested that the Court allow additional time after the hearing for new evidence to be admitted relative to the issue that respondent may have had notice of a need for guardrails. Counsel proposed to offer testimony by Deputy Stark that he had personally visited respondent’s office to request the placement of guardrails in the affected area. However, the Court has been informed that Deputy Stark does not recall if he made his request for guardrails before or after the claimant’s accident.
Accordingly, the Court is of the opinion that claimants have not met the burden of proof required to establish negligence on the part of respondent. While the Court is most sympathetic to the tragedy that has befallen claimant Kimberly Ellis, the Court must deny this claim.
Claim disallowed.